IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| NATALIE R. DELLINGER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 01:10cv25 |
| | § | |
| SCIENCE APPLICATIONS | § | |
| INTERNATIONAL CORPORATION | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM IN SUPPORT OF DEFENDANT SAIC's
MOTION TO DISMISS COMPLAINT**

## I. INTRODUCTION

Plaintiff Natalie R. Dellinger (Dellinger), alleges that Defendant Science Applications International Corporation (SAIC) violated the anti-retaliation provision of the Fair Labor Standards Act (FLSA) by withdrawing its offer of employment to her after it learned that she had filed an FLSA complaint against her former employer, CACI. The anti-retaliation provision of the FLSA applies only to an employer's current or former employees. Dellinger does not – and cannot - allege that she was ever an employee of SAIC. Accordingly, her Complaint does not – and cannot - state a cognizable claim for relief under the FLSA's anti-retaliation provision, and for that reason it should be dismissed with prejudice.

## II. STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to move to dismiss an action if the plaintiff fails to state a claim upon which relief can be granted. A motion to dismiss tests the legal sufficiency of a complaint. *Randall v. United States,* 30 F.3d 518, 522 (4th Cir.1994). Although a Court considering a motion to dismiss under Rule 12(b)(6) must "take the facts in the

1

light most favorable to the plaintiff," it "need not accept the legal conclusions drawn from the facts," and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir.2008). Moreover, the Court need not "accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

### III. THE ALLEGATIONS OF THE COMPLAINT

Dellinger alleges that during 2008 and part of 2009 she was an employee of CACI. Complaint ¶12. She claims that on or about July 29, 2009, she filed an FLSA action against CACI, which she alleges was then her "former employer." *Id.* ¶13. She also alleges that she applied for a job with SAIC in July 2009 (*Id.* ¶16), that the position for which she applied required a security clearance (*Id.* ¶17) and that she held such a clearance. *Id.* ¶19. According to Dellinger, she was interviewed by SAIC for that position on August 17, 2009 (*Id.* ¶20); and on August 21, she received an offer of employment by telephone for that position, which was followed by a written offer the next day. *Id.* ¶22.

The Complaint alleges that SAIC's job offer was contingent on her satisfying certain conditions, among them successful verification, crossover and maintenance of her security clearance. Complaint ¶¶25-26. In order to begin the process of verification, crossover and maintenance of her clearance, she was required to complete a Standard Form 86 (SF 86). *Id.* ¶26. The SF 86 requires that an applicant disclose any non-criminal court action to which she has been, or currently is, a party. *Id.* ¶28. Dellinger alleges that she revealed in the SF 86 her FLSA lawsuit against CACI, which was then pending in the Eastern District of Virginia. *Id.* ¶29.

Dellinger contends that after she delivered her completed SF 86, together with other documents, to SAIC, the company then withdrew its offer of employment. Complaint ¶31-

33 and 38.  SAIC did so, she alleges, because she had disclosed her pending FLSA lawsuit against CACI.  *Id*. ¶¶39-40.  She contends that such conduct by SAIC violated the anti-retaliation provision of the FLSA.  *Id*. ¶¶41-44.   Dellinger does not allege that she was ever an SAIC employee.

### IV.  THE FLSA ANTI-RETALIATION PROVISION

The FLSA anti-retaliation provision, 29 U.S.C. §215, provides that:

**(a)** After the expiration of one hundred and twenty days from June 25, 1938, it shall be unlawful for any person . . .

**(3)** to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter . . . .

The FLSA defines "any person" as "an individual, partnership, association [or] corporation . . . . " 29 U.S.C. §203(a).  An "employee" is an ". . . individual employed by an employer." 29 U.S.C. §203(e)(1).  An "employer" is defined as any person acting directly or indirectly in the interest of an employer in relation to an employee.  29 U.S.C. §203(d).  "Employ" means "to suffer or permit to work."  29 U.S.C. § 203(g).

### V.  ARGUMENT

In order to make out a prima facie claim of retaliation under the FSLA, a plaintiff must show that she: (1) engaged in an activity protected by the FLSA; (2) suffered an adverse action by the employer subsequent to or contemporaneous with the protected activity; and (3) a causal connection exists between the employee's activity and the employer's adverse action. *Darveau v. Detecon, Inc.*, 515 F.3d 334, 340 (4th Cir. 2008).

Dellinger cannot meet the second prong of *Darveau* because she did not suffer an adverse action by her *employer*.  Because the term "employ" means "to suffer or permit to work," an employment relationship must exist between a plaintiff employee and a defendant employer in

3

order to make out a claim under Section 215(a)(3) of the FLSA. *Glover v. City of Charleston,* 942 F. Supp. 243, 245 (D.S.C. 1996). *See Harper v San Luis Valley Regional Medical Center,* 848 F. Supp. 911, 913 (D. Colo. 1994) (a former independent contractor for a hospital could not sue the hospital under Section 215(a)(3) because he was not an employee or former employee of that hospital).

The Complaint does not allege that Dellinger was ever an SAIC employee; it alleges only that she was a job applicant. She does not allege, because she cannot, that SAIC suffered or permitted her to work for SAIC; indeed, her Complaint alleges that SAIC withdrew its offer of employment; (Complaint ¶33); that as of August 24, 2009, "SAIC had taken no further action on her employment" (*Id*. ¶34); and that her "required employment paperwork had been inactive since [that same date]." *Id*. ¶35. Because Dellinger was only a job applicant, she does not come within the definition of "any employee" under the FLSA and its anti-retaliation provision.

Although its anti-retaliation provision is aimed at "any person," a term that is broadly defined, the FLSA protects only *employees*. If Congress had wanted to cover non-employees, it would have written Section 215(a)(3) to prevent discrimination against "any person" instead of "any employee." *Glover,* 942 F. Supp. at 246-247. Because the FLSA anti-retaliation provision requires a current or former employment relationship between a plaintiff and defendant, and because no such relationship exists or existed here between the parties, Dellinger cannot state an FLSA retaliation claim against SAIC.

WHEREFORE, SAIC asks that this Court dismiss Dellinger's Complaint, with prejudice, and order such other and further relief as the Court considers appropriate.

DATED: February 3, 2010

                                                              Respectfully submitted
                                                              Science Applications International Corporation
                                                              By Counsel

_____/s/_____
Robert R. Sparks, Jr. VSB# 12879
Christopher T. Craig VSB# 36983
Sparks & Craig, LLP
6862 Elm Street, Suite 360
McLean, Virginia 22101
(703) 848-4700; Fax (703) 893-7371

## CERTIFICATE OF SERVICE

      I hereby certify that on the 3rd day of February, 2010, I will electronically file the foregoing with the Clerk of Court using the CM.ECF system, which will then send a notification of such filing (NEF) to the following:

Zachary A. Kitts, Esquire
Cook, Kitts & Francuzenco, PLLC
3554 Chain Bridge Road, Suite 402
Fairfax, Virginia 22030
zkitts@cookkitts.com

                                                _____/s/_____
                                                Robert R. Sparks, Jr. VSB# 12879
                                                Counsel for SAIC
                                                Sparks & Craig, LLP
                                                6862 Elm Street, Suite 360
                                                McLean, Virginia 22101
                                                (703) 848-4700; Fax (703) 893-7371
                                                rrsparks@sparkscraig.com