IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| NATALIE R. DELLINGER | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 01:10cv25 |
| | § | |
| SCIENCE APPLICATIONS | § | |
| INTERNATIONAL CORPORATION | § | |
| | § | |
|    Defendant. | § | |

## REPLY TO PLAINTIFF's OPPOSITION
## TO SAIC's MOTION TO DISMISS

"Our first step in interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case. Our inquiry must cease if the statutory language is unambiguous and the statutory scheme is coherent and consistent." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340, 117 S.Ct. 843, 846, 136 L.Ed. 2d 808 (1997) (internal quotation marks and citations omitted).

SAIC argued in its motion to dismiss that the plain language of the FLSA points the way to the correct decision in this case. Attention to the text of the statute, however, does not help Dellinger here, so she has fashioned arguments that she hopes will persuade this Court to decide what the law *should be*, not what it is. In doing so, she has asked this Court to create a cause of action heretofore unrecognized by any other court in the 70-odd years since the passage of the FLSA.

"The FLSA was enacted with the purposes of protecting employees and imposing minimum labor standards on covered employers, including the payment of a specified minimum wage and overtime pay for covered employees." *Ball v. Memphis Bar-B-Q Co., Inc.*, 228 F. 3d 360, 363 (4th Cir. 2000). In order to give teeth to the employee protections contained in that statute, its anti-retaliation provision has rightly been read to reach former employees of an

1

employer, but it has never been read – and need not be read - to cover one who, like Dellinger, was never an employee of the defendant she is now trying to sue.

We address below each argument Dellinger has advanced in her opposition to SAIC's motion to dismiss, in the order she has presented them.

**I**. Quoting a Supreme Court decision from the mid-1940s, Dellinger claims that because the FLSA is "remedial and humanitarian in purpose," it "must not be interpreted . . . in a narrow grudging manner." *Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 597, 64 S.Ct. 698, 88 L.Ed. 949 (1944). That case involved iron miners who sought pay for travel underground in mines to and from the working face of the mine. Seeking to vindicate "the rights of those who toil, of those who sacrifice a full measure of their freedom and talents to the use and profit of others," the Supreme Court in *Tennessee Coal* interpreted the FLSA expansively, using the "remedial and humanitarian" language quoted above. The facts of *Tennessee Coal* are a long way from this case. There, actual employees were on the job, travelling to the actual workplace. Here, Dellinger was a mere job applicant. She is not seeking to vindicate the rights of those who toil. Indeed, she did not toil at all for SAIC.

The catchy phrase in *Tennessee Coal* that Dellinger relies on is not a charter to make the FLSA what a plaintiff wants it to be. Indeed, the holding in *Tennessee Coal* and other cases that followed it led Congress to correct the overly-generous impulse embodied in the "remedial and humanitarian" language of that case. The Portal to Portal Act of 1947, 29 U.S.C. §251, amended the FLSA by defining activities of the kind identified in *Tennessee Coal* as not constituting compensable work within the meaning of that statute.

The Fourth Circuit in *Ball v. Memphis Bar-B-Q Co., Inc.*, 228 F. 3d 360, understood that *Tennessee Coal* does not give it a free hand in deciding the scope of Section 215

of the FLSA, even if it wished otherwise. Ball's complaint alleged that he was fired because his employer believed he was about to testify against it in an FLSA matter soon to be filed by a co-worker. The Court in *Ball* grudgingly found that the employer's conduct just did not come within the scope of 29 U.S.C. § 215, as written. It wrote, "In light of Congress' clear intent to limit the scope of retaliation prohibited by the FLSA, we are constrained to hold that the FLSA's prohibition against retaliation does not read so broadly as to apply to the circumstances alleged in Ball's complaint." 228 F. 3d at 364. Referring to the quoted language of *Tennessee Coal,* the Court noted, "[w]hile we are instructed to read the FLSA to effect its remedial purposes, the statutory language clearly places limits on the range of retaliation proscribed by the Act." *Id.* No matter how much Dellinger thinks it should, Section 215 does not permit this Court to do what she wants it to do in this case. The FLSA means what it says, and until Congress changes the language of that statute, the simple fact is that it does not apply to a mere job applicant, no matter how much Dellinger thinks it should.

      **II**. There is no doubt that the Supreme Court has expanded the anti-retaliation provision of Title VII to cover former employees in order to aid the enforcement of what it found to be the broad scope of Title VII. But it did so only in the context of a once or current employment relationship, and it did so based on the text of the statute. That relationship does not exist in this case. Although it is true that the FLSA appears to cover more employees than are covered by Title VII, that is beside the point. It does not follow, as Dellinger argues, that the FLSA's anti-retaliation provision must therefore be broader than the anti-retaliation protections of Title VII. Indeed, the opposite is true, for Title VII prohibits in express terms what happened here. If Congress intended the FLSA to reach a simple job applicant who had earlier exercised her FLSA rights on another job, then it could include in the FLSA an a provision analogous to 42

U.S.C. § 2000e-3, which prohibits refusing to hire a job applicant who has exercised his or her Title VII rights in prior employment. There is nothing remotely like that in the FLSA.

The Fourth Circuit's decision in *Darveau v. Detecon, Inc.*, 515 F.3d 334, 340 (4th Cir. 2008) adds nothing to Dellinger's argument. It, too, like all of the cited Title VII Supreme Court decisions, involved a current or former employee. The complete absence of an employment relationship in this case makes all the difference.

**III**. Dellinger's effort to use National Labor Relations Act (NLRA) case law to expand the reach of the FLSA's anti-retaliation provision does not help her here because the definition of "employee" in the NLRA is a good deal broader than the definition of that term in the FLSA. Under the NLRA, an employee "shall include any employee, and shall not be limited to the employees of a particular employer, unless this subchapter explicitly states otherwise." 29 U.S.C. § 152(3). The decision in *John Hancock Mutual Life Ins. Co., v. NLRB*, 191 F.2d 483 (D.C. Cir. 1951), which involved a job applicant who had not previously worked for John Hancock, therefore makes sense under the NLRA. For under that statute, an employee need not be a current or former employee of a defendant employer. But the FLSA's definition of "employee" is significantly narrower and different.

The differences in the definitions of "employee" in the NLRA and the FLSA are significant for another reason, too. The NLRA, with its broader definition, was passed in 1935, three years before Congress enacted the narrower definition in the 1938 FLSA. The FLSA has been amended 15 times since it was passed, most recently in 2007. Congress has had plenty of opportunities to extend anti-retaliation protection under the FLSA to mere job applicants, but it has not done so. The other NLRA cases that Dellinger relies on are factually uninteresting: all of them involved former employees of a defendant employer – exactly the crucial relationship that is

missing in this case.

      **IV**. Dellinger is understandably unhappy with the two district court decisions cited by SAIC that are directly on point and contrary to her position.  She suggests that they can safely be ignored because there are only two of them; but it is likely that there are only two because so few plaintiffs have tried to make a claim like that asserted by Dellinger in the face of the clearly contrary language of the FLSA.  Both district court decisions are bottomed squarely on the text of the statute at issue.  It is therefore difficult to understand Dellinger's assertion in her opposition that "neither decision provides a very satisfactory explanation of the reasoning behind the holdings reached."  Their outcomes may seem unsatisfactory to Dellinger, but the district courts' explanation of those outcomes is hornbook statutory construction.

      **V**. Dellinger's final argument is little more than an unadorned plea that this Court reach a policy-driven outcome that permits her to wedge her claim into a statutory space that will not accommodate it.  Her argument reveals the lack of any real authority to support her earlier contentions.  She does not like what the law is, so she wants the Court to fix it and say what the law should be.

      The Court should not permit one who has never worked for SAIC to seek relief under a Section 215, which protects only current or former employees of a defendant employer.

DATED: February 26, 2010

                                         Respectfully submitted
                                         Science Applications International Corporation
                                         By Counsel

_____/s/_____
Robert R. Sparks, Jr. VSB# 12879
Christopher T. Craig VSB# 36983

Sparks & Craig, LLP
6862 Elm Street, Suite 360
McLean, Virginia 22101
(703) 848-4700; Fax (703) 893-7371
rrsparks@sparkscraig.com

## **CERTIFICATE OF SERVICE**

   I hereby certify that on the 26th day of February, 2010, I will electronically file the foregoing with the Clerk of Court using the CM.ECF system, which will then send a notification of such filing (NEF) to the following:

Zachary A. Kitts, Esquire
Cook, Kitts & Francuzenco, PLLC
3554 Chain Bridge Road, Suite 402
Fairfax, Virginia 22030
zkitts@cookkitts.com

            _____/s/_____
            Robert R. Sparks, Jr. VSB# 12879
            Counsel for SAIC
            Sparks & Craig, LLP
            6862 Elm Street, Suite 360
            McLean, Virginia 22101
            (703) 848-4700; Fax (703) 893-7371
            rrsparks@sparkscraig.com